## BLAKE v. FARRELL.

No. 1715.    Decided August 29, 1906 (86 Pac. 805).

JUDGMENT—ORDERING PARTIAL SATISFACTION. Under Revised Statutes 1898, section 3210, providing that when a judgment shall have been fully paid and not satisfied, the court in which it was recovered may, on proof, order it satisfied and the satisfaction to be entered on the docket, and section 3211 providing that when a judgment shall have been satisfied, in whole or in part, and such satisfaction entered on the docket as aforesaid, such judgment shall, to the extent of such satisfaction, be discharged, it is the duty of the court to order a judgment satisfied to the extent of money collected, through attachment proceedings in the action.

APPEAL from District Court, Salt Lake County; T. D. Lewis, Judge.

Action by Ella J. Blake, administratrix of of Edward Blake, deceased, against John W. Farrell. From an order directing partial satisfaction of plaintiff's judgment, she appeals.

AFFIRMED.

*T. J. Anderson* for appellant.

*E. O. Leatherwood* for respondent.

APPELLANT'S POINTS.

"A motion to vacate a final judgment comes too late after the term has expired and after the time in which a motion for a new trial can be made, and it should be denied." (*Jones v. N. Y. Life Ins. Co.* 14 Utah; *Canadian & American Inv. Co. v. Land & Inv. Co.,* 140 Cal. 672, 74 Pac. 203; *Hellen v. Dyerville Mfg. Co.,* 116 Cal. 127, 47 Pac. 1016; *Merriman v. Walton,* 105 Cal. 403, 38 Pac. 1108; *Wickersham v. Camenford,* 104 Cal. 404, 38 Pac. 101; *Hollenbeck v. McCoy,* 127 Cal. 21, 59 Pac. 201; *Johnson v. Reed,* 125 Cal. 74, 59 Pac. 680; *Butler v. Saule,* 124 Cal. 494; 56 Pac. 601.)

On the subject of a judgment rendered for money already paid and where a remedy is sought in equity, see *Foster v. Wood,* 6 John. Ch. 87; and *Lansing v. Eddy,* 1 John. Ch. 49.

RESPONDENT'S POINTS.

"A motion therefore is the proper remedy [to require entry of satisfaction of judgment] as between a judgment debtor and creditor when the facts are not controverted and the proceedings are of record in the court hearing the motion, and when no person except those interested in the original cause of action claim an interest in the judgment." (*Meyer v. Sparks,* 3 Kan. App. 602; 19 Enc. Pl. & Prac., p. 125, et seq.; Freeman on Judgments, sec. 480.)

When a judgment creditor causes the personal property of the judgment debtor to be levied upon, and there is no question but that the proceeds have gone into the hands of the judgment creditor, that the levy operates, if personalty enough is levied upon, as a satisfaction of the judgment, and if the amount levied upon is not sufficient to satisfy the judgment in full, then it operates as a satisfaction *pro tanto.* (*Gray v. Hill,* 23 S. C. 604; *Rogers v. Kinsey* [Ohio], 7 Wkly. Law Bul. 64; *Harris v. Evans,* 81 Ill. 419; *Baker v. Implement Co.,* 67 Ill. App. 357; Freeman on Judgments, sec. 475, and cases cited.)

Where it appears that a case has been carried to the Supreme Court merely for the purpose of delay, the court in affirming the judgment will grant damages to the defendant in error. (Sec. 3320, Rev. Stat. 1898; 13 Cent. Dig., 924, and cases cited.)

On what constitutes a frivolous appeal see the following cases: *Bayly v. McKnight,* 23 La. Ann. 423; *Mining Co. v. Starr,* 141 U. S. 222; *Lemmon v. Rucker,* 80 Cal. 609, 22 Pac. 471.


McCARTY, J.

On March 20, 1903, Edward Blake brought suit in the city court of Salt Lake City, Utah, to recover from defendant, John W. Farrell, the sum of $466. An attachment was duly issued and on the same day the suit was commenced the plaintiff attached the sum of $494.88, deposited in McCormick's bank and belonging to defendant. On August 19, 1903, a judgment was obtained in the city court of Salt Lake City, against defendant, for the sum of $466, the amount sued for, and for costs. On September 5, 1903, the sum of $494.88 collected on the attachment proceedings, was turned over to plaintiff, Edward Blake, by the sheriff of Salt Lake county, to apply on said judgment. Defendant appealed the case to the district court, and, on June 27, 1904, plaintiff again obtained a verdict against defendant for the sum of $466, and $190.10 costs. From the judgment entered on the verdict, defendant appealed to this court. The plaintiff, Edward Blake, having died September 12, 1904, appellant was thereafter duly appointed administratrix of his estate and was substituted in this court as the plaintiff and respondent. The appeal was dismissed, and the judgment of the trial court thereby affirmed. Plaintiff failed, neglected, and refused to credit on the judgment the $494.88, or any part thereof, collected through the attachment proceedings referred to, but proceeded to collect from defendant, through the processes of the court the whole of said judgment. Defendant, on March 31, 1905, applied for, and later obtained from the district court in which the judgment was obtained, an order requiring

plaintiff to credit on the judgment the amount collected by him through the attachment proceedings in said action. From the order thus requiring the plaintiff to enter partial satisfaction of the judgment, plaintiff has appealed to this court.

The contentions made by appellant are (1) that respondent, in order to have the money, which was collected and paid over to appellant on the attachment, credited to the judgment thereafter obtained in the district court, the respondent was required to amend his answer—a general denial—and plead such fact as payment; (2) that the court was without authority to compel a satisfaction of the judgment to the extent of the money seized and paid over to the appellant on the attachments and (3) that the appellant was entitled to enforce, by execution, the collection of the full amount of the judgment, regardless of the money received by him on the attachment. These contentions are without merits.

Section 3210, Rev. St. 1898, provides that:

"When a judgment shall have been fully paid and not satisfied, or the instrument of satisfaction shall have been lost, the court in which the same was recovered may, upon satisfactory proof, authorize the attorney of the judgment creditor to satisfy the same, or may by order declare the same satisfied, and direct satisfaction to be entered upon the docket."

Section 3211:

"When a judgment shall have been satisfied, in whole or in part, or as to any judgment debtor, and such satisfaction entered upon the docket as aforesaid, such judgment shall, to the extent of such satisfaction, be discharged and cease to be a lien; and if any execution shall be thereafter issued thereon, it shall be endorsed with a memorandum of such partial satisfaction, and a direction to collect only the residue thereof, or to collect only from the judgment debtor remaining liable thereon."

Under these provisions of the statute the court not only had the power, but, under the admitted facts in this case, it was its duty to make an order directing a partial satisfaction of the judgment to the extent of the money collected (494.88) through the attachment proceedings hereinbefore referred to. (19 Ency. Pl. & Pr., 125; *Musser v. Gray* [Cal.], 31 Pac. 568.)

31 Utah—8

Judgmént affirmed. It is ordered that the costs of this appeal be taxed against appellant.

BARTCH, C. J., and STRAUP, J., concur.