[No. 8089. *En Banc.*  October 20, 1909.]

HARRY GREEN, *Appellant,* v. SPOKANE COUNTY,
*Respondent.*[1]

LIMITATION OF ACTIONS—MONEY COLLECTED ON ERRONEOUS JUDGMENT—ACCRUAL—PENDENCY OF APPEAL. Where a judgment upon a bail bond in favor of a county was collected on execution, and afterwards reversed on appeal and the action dismissed, limitations upon the right of action against the county to recover the money collected do not commence to run until the reversal of the judgment; since until that time the former judgment could be pleaded in bar and no action could have been maintained.

Appeal from a judgment of the superior court for Spokane county, Sullivan, J., entered October 29, 1908, in favor of the defendant, upon sustaining a demurrer to the complaint, in an action against a county to recover money collected upon a bail bond. Reversed.

*William S. Lewis,* for appellant.

*Fred C. Pugh, Don F. Kizer,* and *A. C. Clausen,* for respondent.

DUNBAR, J.—On October 14, 1901, a judgment was recovered in the superior court of Spokane county, in favor of the state of Washington, and against the plaintiff and appellant, Harry Green, for $500, and against his assignors for certain other sums, in a certain action then and there pending, entitled State of Washington v. W. A. Lewis. The

[1]Reported in 104 Pac. 510.

judgment was taken on a bail bond on which the appellant and his assignors were sureties. After the entry of the judgment, execution issued, and the amount of $500 was recovered from the appellant, and the other amounts mentioned from his assignors. Under the statute the moneys collected on recognizance and bail bonds become property of, and belong to, the county from which the case came, and pursuant to this statute, the aforesaid sums of money were paid directly to the county commissioners of Spokane county, and are still retained by said Spokane county. Thereafter, on appeal prosecuted by some of the sureties, the supreme court reversed the said judgment against said sureties, and held that the state of Washington had no just cause of action against them. *State v. Lewis*, 35 Wash. 261, 77 Pac. 198.

Pursuant to this opinion and the remittitur of the supreme court in said cause, on application of appellant and said sureties, the superior court, on the 20th day of September, 1904, vacated and set aside the erroneous judgment and all proceedings attempted to be had against such sureties in said action, and dismissed said proceeding at the cost of the state. Thereafter demand was made upon the county commissioners of Spokane county for the return of said moneys, which was refused, and this action was brought by the appellant to recover said moneys. A demurrer was interposed to the complaint, and sustained by the court. Judgment was entered in favor of the respondent, and from such judgment this appeal is taken.

The history of the case given is set forth in the complaint. The moneys were collected on the judgment October 14, 1901. The judgment and proceedings of forfeiture were set aside and the action dismissed on September 24, 1904. The present action was instituted on September 12, 1907. It is conceded that the three-year statute of limitations applies to the action at bar, and it is the contention of the respondent that the statute should begin to run from the

time of the taking or appropriation of the money by the county; while it is contended by the appellant that the statute does not commence to run until the reversal of the judgment by the supreme court. This is the sole question in the case.

Our statute provides that actions must be commenced within certain times specified from the time the cause of action arises, and it is earnestly urged by the respondent that the cause of action arose when the money was wrongfully taken or appropriated. In one sense this is true, but rules of law are not intended to work a deprivation of rights, and should not be so construed when it can be avoided; and while perhaps in one sense the cause of action might be said to have arisen when the money was appropriated by the county, in a larger and juster sense it did not arise until such time as a suit for recovery could be instituted and maintained. It is inconsistent to say that you have a cause of action without any right to bring it, and it is incontrovertible that the judgment, before it was reversed, could have been successfully pleaded as a bar to any action which the appellant could have brought for the recovery of the money. It might have occurred that the reversal of the judgment by the supreme court was not effected until more than three years had expired from the appropriation of the money by the county. In such a case the remedy of the appellant would have been entirely destroyed.

The respondent relies upon the case of *Spinning v. Pierce County,* 20 Wash. 126, 54 Pac. 1006, and thinks that that case cannot be distinguished from the case at bar. But an examination of that case convinces us that it is not at all in point. That was a case where money arising from a sheriff's commission wrongfully charged on foreclosure sales had been paid into the county treasury, and the court decided that the statute of limitations began to run against actions to enforce repayment from the date such money was paid into the treasury, and not from the date of demand

therefor on the county, although an action would not lie until after the demand for repayment. It will be seen that there was nothing to prevent the parties in that case from commencing their action at any time, by simply making a demand for the return of the money; and the decision of the court, to the effect that the statute began to run from the date such money was turned into the treasury, and not from the date of the demand, was simply to prevent parties from extending the statute of limitation by neglecting or refusing to make a demand which they had a right to make at any time. This identical question has not often, so far as we have been able to ascertain, been presented to courts for determination, and the only case which we have been able to find where the exact question has been determined is *Crocker v. Clements' Adm'r*, 23 Ala. 296. There it was distinctly decided that, where a person received money under a decree which was afterwards reversed on error, the statute of limitations commenced to run in his favor from the reversal.

The judgment will be reversed, with instructions to overrule the demurrer to the complaint.

ALL CONCUR.