## COX v. DIXIE POWER CO. et al.

No. 4700. Decided August 3, 1928. (269 P. 1000.)

*J. M. Foster,* of Cedar City, for plaintiff.

*D. H. Morris,* of St. George, for defendants.

GIDEON, J.

On petition of plaintiff, Amos Cox, a writ of certiorari was issued on March 12, 1928, directed to the defendant Dixie Power Company and Hon. T. H. Burton, judge of the district court of Iron county, Utah. This is an original pro-

ceeding in this court. The petitioner seeks a review and annulment of an order of the district court of Iron county, transferring for trial an action pending in that court to the district court of Washington county. The action is entitled *"Amos Cox* v. *Dixie Power Company."* The allegations in the petition for a writ of certiorari are that the judge exceeded the jurisdiction of the court in ordering the transfer. In response to the writ issued by this court on petition of plaintiff, Cox, the defendant judge has caused to be certified to this court, as stated in the return:

"All of the records and files in the said proceedings on file in the office of the county clerk and ex officio clerk of the district court in and for Iron county, state of Utah, in respect to the proceedings referred to in the within writ of certiorari, and in the petition of the plaintiff filed in said proceedings, together with certified copies of the minutes of the court in respect to said proceedings, and all orders in relation thereto, the original records and files in said cause being marked 'Exhibit A,' and made a part of this return."

It appears from the petition and return of the defendant judge that on July 14, 1923, Cox instituted an action in the district court of Iron county against the Dixie Power Company to recover damages claimed to have resulted from the negligence of the power company. The case was heard before the defendant Burton, as judge of the district court of Iron county, and a jury, on or about March 20, 1925. That trial resulted in a verdict in favor of plaintiff. Defendant interposed a motion for new trial. Later this motion was by the court granted. Plaintiff, Cox, petitioner here, on or about June 22, 1926, filed with the clerk of the court his affidavit, demanding a change of judge for the second trial of the action. In the affidavit it is stated that affiant does not believe that he can have a fair and impartial trial, by reason of the bias and prejudice of the trial judge against him, and it is further stated therein that, "if some other judge is called in to try this action, who is not biased or prejudiced against said plaintiff, he can have a fair and impartial trial of said action." It is further stated in the

affidavit that affiant is informed and believes that, by reason of the bias and prejudice of the judge against his attorney, John M. Foster, he cannot have a fair and impartial trial before said judge. At the time of filing this affidavit a motion on behalf of plaintiff was interposed, requesting that another judge be called in to try said cause.

So far as the record in this proceeding discloses, this motion was never ruled upon. It does appear, however, that thereafter, and on the 27th day of November, 1926, the defendant judge, without making any reference to the affidavit or motion of plaintiff, Cox, made the following order:

"Whereas, it is deemed necessary and for the best interest of all parties concerned, the above-named court, of its own motion, makes the following order: It is ordered that, under the terms and provisions of section 1676 of the Compiled Laws of Utah of 1917, the Honorable Nephi J. Bates, judge of the Sixth judicial district court of Utah, be and he is hereby respectfully invited and requested to open and conduct court in Parowan, Iron county, Utah, Monday, November 29, 1926, at 10 o'clock a. m. of said day, and hear and determine any and all matters that may be ready for trial or hearing at said time."

Accordingly, Judge Bates, of the Sixth judicial district, by virtue of the foregoing order, opened court in Iron county at Parowan, the county seat of Iron county, on November 29, 1926, and on December 10, 1926, the case of Cox v. Dixie Power Company came on for the second and new trial before Judge Bates and a jury. At this second trial the jury's verdict was in favor of Cox. Judgment was duly entered thereon. The Dixie Power Company again interposed a motion for a new trial. Thereafter Judge Bates made a conditional order to the effect that, unless plaintiff would consent to a reduction of the judgment in the sum of $1,000, a new trial would be granted. Plaintiff failed to consent to the reduction of the judgment, and a new trial was granted. Thereafter, on November 8, 1927, the Dixie Power Company filed a motion for a change of place of trial.

The reason stated in the motion why a change of the place of trial should be ordered was that the Dixie Power Company

could not have an impartial trial in Iron county, owing to the prejudice of the people. In the motion it was also stated that the case had been twice tried in the county, had been extensively commented upon by the citizens of the county, and that it was impossible to obtain jurors who had not formed or expressed an opinion on the merits of the case. Furthermore, it is recited in the motion that the defendant company was engaged in generating electrical energy and supplying the same to its patrons in Iron county, particularly in Cedar City, Kanarra, Enoch, Summit, and to the farmers in the vicinity of Parowan, numbering approximately 875 families and business men in Iron county; that "the plaintiff objected [at the former trials] to any person using electricity from defendant sitting on the jury, for the reason that such persons stood in relation of debtor or creditor to the defendant, and the court sustained the objection, which ruling deprived the defendant from having a fair trial, and, if the case is tried again in Iron county, the defendant would be deprived of the same class of persons sitting on the jury."

An affidavit was filed opposing the transfer. Thereafter, on February 20, 1928, the court made its order transferring the cause of action to Washington county for trial. It is this order which petitioner here seeks to have reviewed and annulled, on the theory or ground that the court exceeded its jurisdiction in making and was without jurisdiction to make.

As we understand petitioner's contention, it may be reduced to two questions, or two contentions, on his part: First, that the filing of the affidavit of bias and prejudice, and requesting the court to call in another judge to try the case, deprived Judge Burton from any further jurisdiction in the case; second, that in making the order transferring the case to Washington county for trial the court exceeded its jurisdiction, for the reason that no affidavit was made or filed in support of the motion.

Comp. Laws Utah 1917, § 1785, states the grounds of disqualification of a judge. Under that section of the stat-

ute, Judge Burton was not disqualified. The grounds stated in that section are, first, that the judge is either a party to or interested in an action; second, that he is related to either party by consanguinity or affinity within the third degree; third, that he has been attorney or counsel for either party in the action or proceeding. Judge Burton, therefore, was not disqualified to try the case under either of those specifications. The statement in the affidavit is that he was biased and prejudiced.

There is no statutory provision which clothes a litigant with the right, by reason of filing an affidavit of bias and prejudice, to have an order made requesting a judge from another district, who is not disqualified to come into the district and try the case in which the affidavit of bias and prejudice of the resident judge is filed. If the filing of such an affidavit disqualifies the resident judge from trying the case, that judge, nevertheless, under the provisions of a statute presently to be noted, has a discretion to either call into the district another judge not disqualified to try the case or transfer the case to another county for trial. Comp. Laws Utah 1917, § 6533, enumerates the grounds authorizing a change of venue. The only subdivision of that section under which it can be held that Judge Burton was disqualified to act in the *Cox* v. *Dixie Power Company* Case is subdivision 4. In that subdivision it is provided that the court may, on motion, change the place of trial "when from any cause the judge is disqualified from acting: Provided, however, that the court in its discretion may either grant the motion, * * * or may call in another district judge, not disqualified, to try the case."

The order made by Judge Burton on November 27, 1926, requesting Judge Bates to hold court in Iron county, was made pursuant to Comp. Laws Utah 1917, § 1676, as recited in the order. That section reads:

"Any district judge may hold a district court in any county at the request of the judge of the district, and upon the request of the Governor, it shall be his duty to do so; and in either case the judge holding the court shall have the same power as the judge thereof."

As appears from the order itself, quoted herein, Judge Burton's order did not request Judge Bates to try the case of *Cox* v. *Dixie Power Company* especially, but requested him "to open and conduct court in Parowan, Iron county, Utah, Monday, November 29, 1926,  *  *  *  and hear and determine any and all matters that may be ready for trial or hearing at said time." The section quoted authorized Judge Burton to request Judge Bates to hold a term of court in Iron county at the time the last-named judge did hold court there.

There is nothing in the order indicating that Judge Burton was ruling on his own disqualification or qualification to hear and determine the controversy between Cox and the Dixie Power Company or any other case at issue and ready for trial at that term of court. Whether the affidavit of bias and prejudice influenced Judge Burton in making that order does not appear, and we have no way of determining that. Apparently Judge Bates heard cases at that term of court, and among others heard this particular case. He thereafter passed on a motion for a new trial. It must necessarily follow that, Judge Bates having heard the case and thereafter having passed on the motion for new trial, the case was then still in the district court of Iron county, to be heard by the regular judge thereof or to be disposed of as though it never had been tried.

As we have pointed out, the motion made for an order calling in another judge to try the case, which motion was supported by affidavit of plaintiff, was never either granted or denied, so far as appears from the record now before us. The motion being still on file and pending in the case, the court, by express provision of subdivision 4 of section 6533, supra, had discretion to either order a change of place of trial or call in another judge not disqualified to try the case. The motion of the Dixie Power Company for a change of place of trial was also pending, and subdivision 2 of section 6533, supra, authorizes a court to grant a motion for a change of venue "when there is a reason to believe that

an impartial trial cannot be had" in the county. The case of *Cox* v. *Dixie Power Company* had been twice tried in Iron county. Two judges, in the exercise of their discretion, had seen fit to grant new trials. It does not affirmatively appear from the record before us on what ground Judge Burton granted the first motion for a new trial, but it does appear that Judge Bates granted a new trial for the reason that he considered the verdict of the jury excessive.

There is nothing found in the statutes that requires a motion for a change of place of trial to be supported by affidavit. True, the usual practice is to support such a motion by affidavit, and this may be said to be the general practice. However, we find no such statutory provision requiring such a motion to be supported by affidavit. Iron county is sparsely populated. There had been two trials, before two different juries, composed of citizens of that county. Two different judges had found it necessary to set aside the verdicts of both those juries and grant new trials. It may therefore be reasonably inferred that the controversy between Cox and the Dixie Power Company had for these reasons become a subject of general discussion among the citizens of Iron county. In such circumstances, prospective jurors would form opinions as to the merits of the controversy, such as would disqualify them from sitting in the case.

The regularly elected judge must have had knowledge of this condition of affairs, independent of any affidavit that might be filed before him concerning the same. Having such knowledge, he would therefore have the right, when a motion was made, setting forth the grounds why a change of venue should be granted, to act in the matter without the filing of an affidavit. The court unquestionably had jurisdiction upon proper showing to grant a change of place of trial. Whether the court ordered the change because of the affidavit of bias and prejudice filed by the plaintiff, or whether the court granted defendant's motion for a change of venue, it did not exceed its jurisdiction in making the order trans-

ferring the case of *Cox* v. *Dixie Power Company* from Iron county to Washington county for trial.

Proceeding dismissed.

THURMAN, C. J., and CHERRY and HANSEN, JJ., concur (in result).

STRAUP, J.

I dissent. The case of *Cox* v. *Dixie Power Company* was pending in the Fifth judicial district in and for Iron county. That district is comprised of Iron, Washington, and three other counties presided over alone by Judge Burton. Terms of court are held by him at the county seat of each county. While the case was pending in Iron county, Cox, on November 11, 1924, filed an affidavit to the effect that he could not have a fair and impartial trial before Judge Burton because "of the bias and prejudice of said judge against" Cox, and his attorney in the cause, and on the next day served and filed a motion that another judge be called in to hear and try the case. No facts were stated in the affidavit to show prejudice or bias of the judge, other than the general averment that Cox could not have an impartial trial because "of the prejudice and bias" of the judge against Cox and his counsel. The record does not disclose any express ruling made on that motion. However, the record does disclose that, notwithstanding the motion and the filing of the affidavit, Judge Burton tried the case in Iron county with a jury, in the trial of which a verdict, in March, 1925, was rendered in favor of Cox in the sum of $1,550. A motion for a new trial having been filed on behalf of the company, Judge Burton, in December, 1925, granted a new trial. Thereafter, and on January 22, 1926, Cox served and filed another affidavit in the case, in which he averred that a trial of the cause had theretofore been had and a verdict rendered and a new trial granted; that Judge Burton, without notice to Cox or his attorney, and in violation of the rules of the court, had stayed execution of the judgment pending the motion for a new trial; that Judge Burton was prejudiced

and biased against Cox and his counsel, and that he, "in December, 1924, made an order attempting to disbar" counsel for Cox "from practicing in said court, and that said judge is still biased and prejudiced against said attorney and cannot give the plaintiff a fair and impartial trial in said action," and asked that another judge be called in to retry the case. Thereafter an order was made by Judge Burton, at Nephi, but within the district, on November 27, 1926, as follows:

"Whereas, it is deemed necessary, and for the best interest of all parties concerned, the above-named court, on its own motion, makes the following order:

"It is ordered that under the terms and provisions of section 1676 of the Compiled Laws of Utah 1917, the Honorable Nephi J. Bates, Judge of the Sixth District Court of Utah, be, and he is hereby, respectfully invited and requested to open and conduct court in Parowan, Iron county, Utah, Monday, November 29, 1926, at 10 o'clock a. m. of said day, and hear and determine any and all matters that may be ready for trial or hearing at said time."

The order was filed in Iron county. The clerk of Iron county and clerk of the district court in and for that county certified "that it was under the authority of this order that Judge Nephi J. Bates heard and determined the issues in civil action No. 275-653 entitled Caleb Haight and Amos Cox, Plaintiffs, v. Dixie Power Company, a Corporation, Defendant, during said term of court." In pursuance of the order Judge Bates heard and retried the case in Iron county before a jury, which resulted in a verdict rendered December 13, 1926, again in favor of Cox and against the company in the sum of $2,200. In due time a motion was again filed by the company for a new trial, on December 16, 1926, on the grounds that the verdict was excessive, insufficiency of the evidence to support it, and error of law occurring at the trial. That motion, after term time, was heard by Judge Bates, on August 27, 1927, who, on that day, ordered a new trial of the cause unless the plaintiff remitted $1,000 from the verdict and judgment. That the plaintiff declined to do and thus the granting of a new trial became absolute.

There the matter rested until November 8, 1927, when the power company served and filed a motion for a change of venue on the stated grounds that the action had been heard twice in Iron county, "so that the particulars of the case have been generally understood by the people in general, so that it would be hard to secure a jury that had not already made up their minds," and that defendant was a corporation "generating electricity for light and power purposes to the people of Iron and Washington counties and the court had ruled that no one using electricity from defendant could sit upon the jury in the case for the reason that they would stand as debtors or creditors of the defendant." The motion was signed by counsel for the company, but was not supported by any affidavit. Nor did it state upon what the company would move to support it, whether upon affidavits, oral testimony, or records and files in the cause, or minutes of the court, or otherwise.

An amended motion was thereafter filed by the company on November 16, 1927, wherein it was stated " that defendant [power company] has reason to believe that an impartial trial cannot be had in the county of Iron owing to the prejudice of the people"; that the case had been tried twice in Iron county, requiring nearly four days for each trial, and that it had been "extensively commented upon, so that it will be impossible to obtain a jury who have not expressed or formed an opinion on the merits of the case;" and again restated the matters stated in the former motion that the company was engaged in generating electrical energy and supplying the same to patrons and farmers in Iron county numbering approximately 875 families and business men in the county, and that on the former trials, on plaintiff's objections, no person using electricity from the defendant was permitted to sit on the jury, "for the reason that they stood in the relation of debtor or creditor of the defendant," which rulings "deprived the defendant from having a fair trial and if the case is tried again in Iron county the defendant would be deprived of the same class of persons sitting on the jury."

Again no affidavit was filed in support of the motion. Nor did that motion state upon what the defendant would move to support it, whether on affidavits, oral testimony, records and files of the case, or minutes of the court, or otherwise. Not anything was filed or presented by the company in support of the motion, except the motion itself. Cox and his counsel, however, served and filed affidavits controverting the grounds stated in the motion, except that the case was tried twice in Iron county, and deposed that on each trial the plaintiff was required to call nine or ten witnesses who resided and who still reside in Iron county, and that on a retrial it was necessary to again call such witnesses; that the company did not furnish electrical energy to the people residing in the north, south, or west side of the county and that there were not to exceed 25 families of the county who were patrons of the defendant; that the facts of the case had not been discussed by the people of the county and that there was no difficulty in obtaining a jury in that county; that the application made by the defendant for a change of venue was not made in good faith and was made to harass and annoy the plaintiff and cause him unnecessary expense on a retrial of the case. In such affidavits it was further deposed that, because of the prejudice and bias of Judge Burton against Cox and his counsel, for the reasons stated in the filed prior affidavits, Cox could not have a fair and impartial ruling on the motion for a change of venue before Judge Burton, and objected to him hearing and ruling on the motion. The motion came on for hearing before Judge Burton February 28, 1928. No showing whatever was made by the company, by affidavits, oral testimony, or upon any agreed statement of facts, or otherwise, to support any of the grounds stated in the motion for a change of venue. Without any showing of any kind made by the company, and disregarding the affidavits filed by Cox and his counsel in opposition to the motion, the court granted the motion and ordered the place of trial changed from Iron county to Washington county, both in the same district, and where causes

heard in both are presided over by Judge Burton, whereupon this proceeding on certiorari was instituted in this court to review and annul the order granting the change of venue.

On the record I think it clear that Judge Bates was called in to try the case of *Cox* v. *Dixie Power Company* because of the affidavits filed charging Judge Burton with prejudice and bias. That, it seems to me, is fairly apparent from the wording of the order that "it is deemed necessary for the best interest of all parties concerned" that the order calling in Judge Bates was made. True, the order also recites that it was made by the court "on its own motion" and in pursuance of section 1676, Comp. Laws Utah 1917. Still, I think it reasonably inferable that the order was induced because of the filing of the affidavits, and while the order was so worded as to avoid any claim of confession or admission as to the truth of the charge of prejudice and bias, yet to me it is clear that because of the filing of the affidavits Judge Burton felt not disposed to retry the case and chose to be relieved from doing so.

Whether the affidavits filed were sufficient to disqualify Judge Burton and to require another judge to be called in to retry the case may well be doubted, for the reason that sufficient facts, in my opinion, are not averred to show prejudice or bias of Judge Burton. To merely charge, as here was done in the affidavit, that a litigant or his counsel, or both, believed or had reason to believe that the judge is prejudiced or biased against the one or both, without setting forth facts or circumstances which justify such belief, does not, in my judgment, suffice. Here no facts are averred to justify such belief. About the only fact averred is that the judge attempted to disbar counsel of Cox. But not anything is averred that the judge had not cause for such action, or that he so acted because of ill will or prejudice or bias and not upon just or probable grounds. However, as I view the matter, we are not called upon in this proceeding to review that. To me it is apparent that Judge Burton, because of the charge, though made in general terms and regardless of

of whether the affidavits were or were not sufficient, called in Judge Bates to hear, try, and dispose of the cause on retrial as well as to hear other matters ready for trial at Parowan, Iron county, at that time. Certain it is that Judge Burton did not change the place of trial from Iron couny to Washington county, where he, without calling in another judge, would be required to sit and retry the case the same as if it was retried in Iron county. It ought to be presumed the court would and did not do such a futile thing, and one which in no sense obviated the claimed ground of prejudice and bias of the judge.

On the record I think the conclusion inevitable that the change of place of trial was granted solely on the motion of the company for a change of venue. Judge Bates when called in to hear and determine the cause of *Cox* v. *Dixie Power Company* (as well as other matters), was authorized and required to act until the whole case was disposed of. Until that order was in some particular modified or set aside, I see no more authority for Judge Burton to hear or determine the motion for a change of venue than to have heard and determined the motion for a new trial in the cause heard and tried before Judge Bates. The one as much as the other involved substantial rights of the parties. Neither was a mere formal order not involving substantial rights. Nor can it be argued that Judge Bates was called in to act only during the time of the particular term, and that his office and function in the cause ceased when the motion for a change of venue was made and heard. To argue that, it might as well be argued that Judge Bates had no authority to hear and determine the motion for a new trial, which was heard and disposed of by him six months after the particular term in which he heard and tried the cause had expired, and hence Judge Burton, instead of Judge Bates, ought to have heard and disposed of the motion for a new trial. Judge Bates was called in to "hear and determine" the cause of *Cox* v. *Dixie Power Company*, which I think required him to act until the whole case was disposed of. After that, I see no

authority for Judge Burton to step in and act in the cause, except to make mere formal orders or perform mere ministerial acts with respect thereto, something not involving or affecting substantial rights of the parties.

In the next place I think the court exceeded its jurisdiction and did not regularly pursue its authority in granting the change of place of trial, because no showing whatever was made nor even any attempt made to support the motion. When the motion was opposed, as it was, I think some kind of a showing, by affidavits, oral testimony, or an agreed statement of facts, or otherwise, was essential to support it. Such a motion is not self-executing by merely filing it. The court had authority only to change the place of trial as provided by the Code. A party seeking a change is required to make some kind of a showing. Here, as pointed out, none was made. Nor was any even attempted. Whether the grounds stated in the motion were not well taken cannot be left to the undisclosed breast of the judge or court. If in a case the judge has knowledge of facts which in his judgment justify or require a change of place of trial, he may, if he chooses to take cognizance of them, state them in the record and give the party opposing the change an opportunity to challenge or refute them. Until the facts are so stated in the record, what knowledge, if any, was possessed by the judge is left to mere conjecture and speculation. A court must speak or act by and through its record, and what it does must be shown by the record. The court, by thus granting the change of the place of trial without requiring a showing to support the motion, and without even any attempt made to support it, I think did not regularly pursue its authority and exceeded it. In principle these views, as I think, are supported by the case of *Hale* v. *Barker* (Utah) 259 P. 928.

This is not a matter of merely considering the weight or sufficiency of evidence, or of a showing, or of considering or reviewing evidence. It involves a matter where the court took and heard no evidence and conducted no proceeding to inquire into or ascertain whether the grounds stated in the

motion were or were not well founded. When no such proceeding was had, I cannot indulge in the presumption the court for some reason or another had knowledge of facts to justify the order made by him, much less indulge any such presumption because the case was tried twice in Iron county.

Thus to me it is clear that the change was not granted on the ground of alleged prejudice or bias of Judge Burton, but solely on the motion of the company for a change of venue, and for the reasons heretofore stated I think the court did not regularly pursue and exceeded its authority in such particular.

I therefore am of the opinion that the order granting the change of place of trial should be annulled and vacated.