## LEWIS *v.* WILSON.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE
NORTHERN DISTRICT OF FLORIDA.

No. 208. Submitted January 17, 1894. — Decided February 5, 1894.

When a party who has obtained a verdict which the court deems excessive,
consents to its reduction, and judgment is thereupon entered for the re-
duced sum, and the plaintiff receives that sum and acknowledges its
receipt " in full satisfaction of this judgment," he may not repudiate the
whole transaction, and obtain a judgment for the full amount of the ver-
dict, on the ground that the court had no power to disturb the verdict.

A plaintiff may, in open court, consent to a reduction of a verdict, and the
noting thereof in the journal entry of the judgment is sufficient evidence
thereof.

THE facts in this case were as follows : Plaintiff in error,
the plaintiff below, brought suit against the defendants to
recover damages for libel. · At the December (1887) term and
on April 9, 1888, a jury returned a verdict in his favor, assess-
ing the damages at $10,000. On April 16, 1888, the defend-
ants filed a motion for a new trial on the ground that the
damages were excessive. After the entry of this motion the
following appears of record :

"Edward H. Lewis ⎱
     *vs.*    ⎰ December Term, 1887. Libel.
Geo. C. Wilson et al. ⎰

"After the rendition of the verdict of the jury in this ac-
tion and a motion by the defendants for a new trial on the
ground that the damages assessed by the jury were excessive,
the court said from the bench that the defendants' motion
would be granted unless the plaintiff consents to reduce the ·
verdict from ten to five thousand dollars, as the verdict is
clearly excessive if we eliminate all damages which arose out
of the claim of the plaintiff for special damages to his business
in Texas, and to which he could lay no claim under the plead-
ing and evidence in this case, and which the court withdrew
from the consideration of the jury.

"And the court further said if the plaintiff consents to reduce the verdict to five thousand dollars in pursuance of this suggestion, and the defendants decline to pay the judgment for that amount and desire to prosecute a writ of error to the Supreme Court, then, in that event, judgment will be entered up for the sum of ten thousand dollars upon the verdict of the jury.

"And afterwards, to wit, on the 23d day of April, A.D. 1888, comes the plaintiff, by his attorney, and enters his consent to the reduction of the verdict of the jury to the sum of five thousand dollars.

"And then come the defendants, by their attorney, and submit to pay the said five thousand dollars.

"It is therefore considered by the court that the plaintiff, Edward H. Lewis, do have and recover from the defendants Geo. C. Wilson, John N. C. Stockton; Mumby, Stockton & Knight, composed of Frank W. Mumby, John N. C. Stockton, and Raymond D. Knight; Wightman and Christopher, composed of William S. Wightman and John G. Christopher; A. W. Owens, Daniel G. Ambler, George F. Drew, J. M. Lee, C. B. Smith, George Hughes, J. M. Barrs, Samuel Barton, F. P. Fleming, J. R. Tysen, C. E. Garner; John N. C. Stockton, trustee; F. W. Hawthorne, C. P. Cooper, J. S. Smith, Jr., James P. Taliaferro, James M. Fairlie, A. W. Cockrell, Charles W. Da Costa, W. B. Young, J. R. Campbell, T. E. Stribling, Roswell H. Mason, B. M. Baer, A. W. Barrs, J. E. T. Bowden, James M. Kreamer, and Telfair Stockton, the sum of five thousand dollars and his costs, taxed at $644.25.

"Comes now the plaintiff, Edward H. Lewis, by H. Bisbee, his attorney, on this the 27th day of April, A.D. 1888, and acknowledges the receipt of five thousand six hundred and forty-four and $\frac{25}{100}$ in full satisfaction of this judgment.

"H. BISBEE, *Att'y.*"

Thereafter this motion was filed:

" In the Circuit Court of the United States, Northern District of Florida.

" Edward H. Lewis $\Big\}$
       *vs.*      $\Big\}$ Libel. Damages, $100,000.
Geo. C. Wilson et al. $\Big\}$

" Comes now the plaintiff, by H. Bisbee, his attorney, and moves the court for a judgment on the verdict of the jury in the case, rendered on the 9th day of April, A.D. 1888, *nunc pro tunc* as of the date when it should have been rendered, according to law and the practice of this court, on the following grounds :

"1st. Because said verdict was and is a legal verdict, duly rendered, and has not been set aside or modified by the court, nor in pursuance of any act or order of the court, or any judge thereof acting within its or his jurisdiction.

" 2d. That all proceedings in this suit had and entered on the files of the court, its minutes, dockets, and records, of the date of said verdict are null and void for want of jurisdiction of the court.

" 3d. Because the defendants could not make the motion for a new trial, which they did make on the 16th day of April, A.D. 1888, on the ground that the laws of the State of Florida prohibited defendants from making a motion for a new trial after the expiration of four days from the date of the verdict rendered on the 9th day of April, A.D. 1888, and any action had on such motion was not within the jurisdiction of the court.

"4th. Because plaintiff cannot apply to the Supreme Court for a writ of mandamus to order the court to enter judgment upon a verdict until a motion for such judgment has been refused, nor can defendant take a writ of error until a judgment on the verdict is entered up.

" If the court enter judgment *nunc pro tunc* on the verdict for $10,000, plaintiff hereby offers and hereby binds himself to credit upon said judgment the sum of $5000, paid by defendants on plaintiff's claim, April 27th, A.D. 1888.

" Nov. 29, 1889.         H. BISBEE, *Att'y for Plaintiff*.

" To Messrs. A. W. Cockrell & Son, of counsel for defendants."

This motion was overruled after argument of counsel, and exceptions taken. Thereupon the record was removed into this court by a writ of error, the writ being signed April 23, 1890, just two years after the date of the judgment.

*Mr. H. Bisbee* for plaintiff in error.

*Mr. Wilkinson Call* for defendants in error.

Mr. Justice Brewer, after stating the case, delivered the opinion of the court.

This is a most extraordinary case. Nearly two years after a judgment has been formally entered, and after the plaintiff has received payment and acknowledged full satisfaction, he comes in and moves the court to enter a new judgment in double the amount, and on the denial of such motion brings the matter here on error. His contention is that, under the practice in Florida, the court had no power to grant a new trial upon a motion made more than four days after a verdict; that the recital of all that the court said from the bench, as to the amount of damages, and its purpose to grant a new trial unless the plaintiff consented to a reduction, must be disregarded as not properly matter for entry on the journal and not brought into the record by any bill of exceptions, and so a mere memorandum made by the clerk, without any significance in the case, *Young v. Martin,* 8 Wall. 354; that no consent to a reduction of the verdict, signed by the plaintiff or his counsel, appears on the record, and that the statement by the clerk is insufficient evidence of the fact. Therefore, the court had no power to enter a judgment for $5000; and the receipt of full satisfaction thereof was only a receipt of half of the amount legally due, and does not prevent the plaintiff from proceeding to recover the other half.

It is unnecessary to express any opinion as to the right of a party to file a motion for a new trial more than four days after the verdict; nor to decide whether the court can or cannot — in the absence of any motion, of its own volition — whenever it sees that a grievous wrong has been done by a

verdict, set it aside. For there is nothing which prevents a party having a verdict from consenting to its reduction; and if he does so, though only for the sake of obtaining immediate satisfaction of his claim and to avoid further delay and further litigation, he may not, after the entry of judgment based thereon, the receipt of payment, and an acknowledgment of satisfaction, repudiate the whole transaction, and obtain a judgment for the full amount of the verdict, on.the ground that under the law the court had no power to disturb the verdict. A man may continue litigation and stand on his rights, or he may waive some of his rights for the sake of terminating litigation; and when advised that a new trial will be granted, unless he consents to a reduction of the verdict, he may, although knowing that the court has no power to grant such new trial, and that if it be done an appellate court will correct the error, consent to a reduction and let judgment be entered for the amount of the verdict thus reduced. And if he does so, he is concluded by his action in that respect. Here not only was there a consent on his part to a reduction, but also what amounted to a waiver of errors by the defendants, and a promise to pay the amount of the judgment. There was full consideration for the agreement, and judgment was entered in accordance therewith. Thereafter he received payment and acknowledged full satisfaction. The litigation is at an end by his consent, and he cannot reopen it. There is no force in the contention of the plaintiff that no written consent to the reduction of the verdict, signed by himself or attorney, was filed in the case. None was necessary. A party may in open court consent to such reduction, and the noting of his consent by the clerk in the journal entry of the judgment is sufficient evidence thereof, and cannot be questioned. The judgment will be *Affirmed.*