**In re ENERGY SAVINGS CENTER, INC., Debtor.**

**Leo Francis DOYLE, Trustee For the Estate of Energy Savings Center, Inc., Plaintiff,**

v.

**Louis D. PAOLINO, Jr., Defendant,**

v.

**Norman COUNCIL, Third Party Defendant.**

Bankruptcy No. 82–05070G.
Adv. No. 82–03480G.

United States Bankruptcy Court, E.D. Pennsylvania.

Oct. 22, 1985.

Henry Wessel, Wessel & Carpel, Philadelphia, Pa., for trustee, Leo Francis Doyle.

Kenneth S. Shapiro, James C. Kitch, Bala Cynwyd, Pa., for defendant, Louis D. Paolino, Jr.

William Schroeder, Philadelphia, Pa., for Norman A. Council, third party defendant.

Howard S. Klein, Media, Pa., for debtor, Energy Sav. Center, Inc.

Leo Francis Doyle, Philadelphia, Pa., trustee.

## OPINION

EMIL F. GOLDHABER, Chief Judge:

The nub of the factual dispute before us, for purposes of avoidance of a transfer under 11 U.S.C. §§ 547(b) and 548(a) of the Bankruptcy Code ("the Code"), is whether the debtor, rather than one of its principals, was the lessee under a lease of realty when the lease was signed by the principal. For the reasons outlined below, we find that the lease ran between the landlord and the principal and that avoidance of a certain transfer may be based on § 548(a) but not on § 547(b).

We recapitulate the facts of this case as follows:[1] Norman A. Council ("Council") leased a parcel of realty from one Louis D. Paolino, Jr. ("Paolino"). In the lease Paolino also consented to Council's use of the business name of "Energy Savings Center." Two weeks later, Council was named president of a corporation he then formed under the name of "Energy Savings Center, Inc.", ("the debtor"). The parties intended that the lease would run between Paolino and Council; the debtor was not intended for inclusion.

During the term of the lease, rent was paid either by checks or money orders drawn by Council or by checks drawn by the debtor. When Council became delinquent in the rent, he eventually told Paolino to satisfy the outstanding indebtedness of $12,000.00 by taking office furniture and inventory from the leasehold which were property of the debtor. Paolino took possession of the property, which was worth $10,000.00, but the debtor filed for relief under chapter 7 of the Code less than 90 days after this transfer and soon thereafter a trustee was appointed for the bankruptcy estate. At the time of the transfer the debtor was insolvent.

The trustee filed the instant complaint seeking turnover of the furniture and inventory. Thereafter the trustee successfully moved for leave to file an amended complaint against Paolino in order to assert a cause of action under 11 U.S.C. § 547(b).[2]

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052.

2.     (b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of property of the debtor—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition; or

(B) between 90 days and one year before the date of the filing of the petition, if such creditor, at the time of such transfer—

(i) was an insider; and

(ii) had reasonable cause to believe the debtor was insolvent at the time of such transfer;

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b). This provision was amended by the Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98–353, 98 Stat. 333, July 10, 1984, but the amendment is without effect in this action since the petition was filed prior to the running of the ninety day "transition" period following the enactment of the amendment. See, Pub.L. No. 98–353, § 553(a) (effective date of amendment). Thus,

We likewise allowed Paolino to file a third party complaint against Council. Paolino's defense against the primary complaint in this action is simply that an action under § 547(b) cannot prevail unless the transfer was "for or on account of an antecedent debt" of the debtor. § 547(b)(2). Since his lease was with Council, rather than the debtor, Paolino claims that the rent obligation ran against Council and thus the transfer was not predicated on an antecedent debt of *the debtor.* The trustee contends that, in reality the lease ran between the debtor and Paolino notwithstanding Council's nominal inclusion in the document.

■ In the absence of an objection to our jurisdiction, parties in a dispute related to a proceeding under title 11 of the United States Code are deemed to consent to our jurisdiction to resolve the controversy. 28 U.S.C. § 157(c)(2) (consent to jurisdiction); *K-Rom Construction Corp. v. Behling),* 46 B.R. 745, 749–50 (Bankr.S.D.N.Y.1985) (consent under § 157(c)(2) may be given in the bankruptcy court); *Alloy Metal Wire Works, Inc. v. Assoc. Screw and Manufacturing Co.* (In Re Alloy Metal Wire Works, Inc.), 52 B.R. 39, 40 (Bankr.E.D.Pa.1985). Absence of a timely objection to jurisdiction is deemed consent under § 157(c)(2). The matter before us is a related matter to which no party has objected to our jurisdiction, and thus, we have jurisdiction.

■ On the question of who was the lessee, it is clear that Council signed the lease in his own name two weeks prior to the creation of the debtor, and hence we found above that Council rather than the debtor was the lessee. This finding is bolstered by the principles underpinning the parol evidence rule, if not the rule itself, which militate against a construction of a written contract at odds with the express terms of the instrument. *See, e.g. Richardson v. Walsh Constr. Co.,* 334 F.2d 334 (3d Cir.1964) (construing Pennsylvania law). We nonetheless admitted parol evi-

dence but found it unpersuasive. The fact that several rent payments were made with the debtor's corporate checks, is of little moment. Since the lease was between Council and Paolino, the transfer by the debtor to Paolino was not made on account of an antecedent debt of the debtor and thus a cause of action necessarily does not lie under § 547(b).

■ Paolino, having avoided liability under § 547(b) nonetheless must submit to turnover under the fraudulent conveyance provisions of 11 U.S.C. § 548(a)(2)(A). As stated in § 548(a):

§ 548 Fraudulent transfers and obligations.

(a) The trustee may avoid any transfer of an interest of the debtor in property, or any obligation incurred by the debtor, that was made or incurred on or within one year before the date of the filing of the petition, if the debtor

(1) made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer occurred or such obligation was incurred, indebted; or

(2)(A) received less than a reasonably equivalent value in exchange for such transfer or obligation; and

(B)(i) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;

(ii) was engaged in business or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital; or

(iii) intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured.

11 U.S.C. § 548(a).[3] Since the transfer was made within one year of the filing of the petition without a reasonably equivalent

we have reproduced § 547(b) as it stood prior to the passage of the amendment.

**3.** Section 548(a) was also amended by the passage of the Bankruptcy Amendments and Feder-

exchange in value at a time when the debtor was insolvent, the trustee may avoid the transfer under § 548(a)(2).

Although hardly an epic lawsuit, Paolino, not having Ulysses' luck, has sailed clear of the Scylla of § 547(b) to be inguritated by the Charybdis of § 548(a). However, all is not lost for Paolino since he received the transferred goods with Council's implied warranty of title that the goods were his (Council's) own, rather than the debtor's. Therefore, the value of the property did not reduce Council's liability for rent and he remains liable for the outstanding indebtedness of $12,000.00.

We will accordingly enter judgment on the primary complaint in favor of the trustee and against Paolino in the amount of $10,000.00 which is the value of the subject goods. We will also enter judgment on the third party complaint in favor of Paolino and against Council in the amount of $12,-000.00 for the amount of the outstanding rent.

al Judgeship Act of 1984. See footnote 2. The amendments to § 548(a) are not effective as to this case and so we have reproduced this provision as it was extant prior to the passage of the amendments.