BRADLEY, Judge.
This is an appeal from a judgment of paternity.
The proceedings were originally commenced by the mother on June 9, 1982 in the Superior Court of California, upon the filing of a claim for support under the Uniform Reciprocal Enforcement of Support Act (URESA). Thereafter, pursuant to URESA, the action was transferred to Madison County, Alabama and scheduled for a hearing in its juvenile court. As a result of that hearing, human leukocyte antigens (HLA) blood tests were ordered, each of the parties paying one-half of the cost. Subsequently, the case was tried in district court and a judgment was rendered in favor of the putative father. The mother then appealed to the circuit court. Upon a finding of paternity by the jury, the court entered the judgment which forms the basis for this appeal.
The record reveals that at the initial hearing in juvenile court the putative father denied paternity and demanded blood tests. HLA blood tests were then ordered and both parties entered into an oral agreement in open court which provided that the results of these tests would be admissible in this proceeding and in any future proceedings without regard to proof of chain of custody or other authentication. There was no transcript of this stipulation, nor was any written agreement subsequently executed by the parties or their attorneys. However, this agreement was evidenced in the case action summary of the record and recited in the district court order as follows:
“The Court further finds that the parties have stipulated and agreed in open court that the written result of the above-mentioned HLA blood test shall be admitted in evidence without regard to proof of chain of custody or other authentication for trial in this court or any subsequent legal proceeding, and such stipulation being approved by the Court, it is ORDERED that the written result of the HLA blood test be admitted into evidence without proof of chain of custody or any subsequent legal proceeding.”
The case was later tried in the district court, whereupon the putative father was adjudged not guilty and the mother appealed; therefore, under the provisions of Rule 28, Alabama Rules of Juvenile Procedure, the appeal was to the circuit court for a trial de novo. At the de novo hearing, before a jury, the mother was permitted to introduce the results of the HLA blood tests into evidence, without any predicate being laid, over timely objection by the *498 putative father. The circuit court allowed the introduction of these results based on the prior stipulation of the parties, which was evidenced in the district court order. During this proceeding, in circuit court, the putative father’s attorney acknowledged this agreement but objected to its being received in evidence without a proper predicate. On appeal here, he argues that the agreement made in the district court was unacceptable in the circuit court because the parties were entitled to a de novo trial. He contends that in order for the HLA blood tests to be admissible in the circuit court without a proper predicate the parties would have to enter into a new stipulation. Therefore, according to the putative father, the failure to make a new stipulation prevented the tests from being admissible and the circuit court erred by admitting them without the proper predicate. Thus, it appears that the primary question before this court is one of first impression: Do stipulations or agreements entered in open court and recited in the court order survive the original proceedings and bind the parties in a de novo jury trial, where it clearly appears from the agreement that the parties intended the stipulation to apply in other proceedings?
A trial de novo is concerned with a new trial, a retrial of the case, as if it had never been tried before. Neal v. First Alabama Bank, 440 So.2d 1111 (Ala.Civ.App.1983). “De novo” itself means trying anew the matters involved in the original proceeding as if they had not been heard before and as if no decision had been previously rendered. Alabama Equity Corp. v. Hall, 46 Ala.App. 143, 239 So.2d 215 (Ala. Civ.App.1970), cert. denied, 286 Ala. 731, 239 So.2d 220 (1971).
Although we agree with “de novo” as defined, careful review of the record in the case at bar compels us to conclude that on trial de novo in a circuit court following appeal from a district court’s final judgment the circuit court may consider prior agreements of the parties which constitute binding contracts.
Oral stipulations of the parties in the presence of the court are generally held to be binding, especially when acted upon or entered on the court records, and need not be signed by the parties or their attorneys. Lewis v. Wilson, 151 U.S. 551, 14 S.Ct. 419, 38 L.Ed. 267 (1894). Furthermore, “a stipulation made in open court is the equivalent of a contract,” Storman v. City of New York, 120 N.Y.S.2d 569 (Sup.Ct.1953), and is binding upon the parties. Pennington v. Yarbrough, 406 So.2d 943 (Ala.Civ.App.1981). See, e.g., Spradley v. State, 414 So.2d 170 (Ala.Crim.App.1982). Generally, such a stipulation, one having all the binding force of a contract, cannot be set aside on grounds other than those which justify the setting aside of contracts. Bond v. Bond, 260 App.Div. 781, 24 N.Y.S.2d 169 (1940).
In the instant action we find that the stipulation by the parties to allow the introduction of the HLA results into evidence in the district court proceeding or any subsequent proceeding constituted a binding agreement of the parties for their stipulation to be accepted by the circuit court in the proceedings in that court. Moreover, we find little merit in the alleged father’s contention that the agreement is not binding because it was oral. In Alabama oral agreements entered in open court are as binding as written ones. Jones v. Gladney, 339 So.2d 1019 (Ala.1976). Furthermore, the district court’s written order reciting the stipulation merely reduced the oral agreement to a written one and, apparently, was so treated by the circuit court. Consequently, we do not consider that the circuit court committed reversible error by accepting the stipulation made originally in the district court, particularly when it clearly appeared from the stipulation that it was intended for use in other proceedings. Additionally, we would point out that the HLA blood tests were the product of the alleged father’s request *499 and the agreement was entered into when neither party could be certain what the outcome would be.
The second issue raised by the putative father concerns the admissibility of certain testimony relating to the results of the HLA tests.
The mother called as a witness an employee of the Alabama Department of Forensic Sciences, who was permitted to testify as an expert as to his evaluation of the HLA test data. The putative father objected to this testimony on the ground that the witness was not an expert in this area of science.
Whether a particular witness will be allowed to testify as an expert is in the sound discretion of the trial court, and the court’s decision will not be disturbed except for palpable abuse. Burroughs Corp. v. Hall Affiliates, Inc., 423 So.2d 1348 (Ala.1982).
The evidence shows that the witness had been employed by the Alabama Department of Forensic Sciences for over six years. He has a Bachelor of Science degree in chemistry and has done graduate work in microbiology, with a primary emphasis on research in immunology and advanced genetics. The witness testified that he had been to HLA laboratories and had watched the actual HLA examinations being done. He also testified that he had read actual tests himself. He further testified that he has learned and knows from his experience and education how to read HLA results. Moreover, the record reveals that the witness himself has performed several thousand paternity tests based on the red cell antigen method, which was used in this case in addition to HLA.
After reviewing the record, we find sufficient evidence to support the trial court’s decision to permit the witness to testify as an expert; consequently, we conclude that the trial court did not abuse its discretion in this aspect of the case.
AFFIRMED.
WRIGHT, P.J., concurs.
HOLMES, J., concurs in the result.