**In re NEXUS COMMUNICATIONS, INC., t/a WSES–AM ID#: 52–1353215, Debtor.**

**Bankruptcy No. S–85–01511–5.**

United States Bankruptcy Court, E.D. North Carolina.

Dec. 5, 1985.

John R. Wallace, Peter J. Sarda, Kirby, Wallace, Creech, Sarda & Zaytoun, Raleigh, N.C., for debtor.

J. David Farren, Tharrington, Smith & Hargrove, Raleigh, N.C., for Special Markets Media, Inc.

## MEMORANDUM OPINION AND ORDER

A. THOMAS SMALL, Bankruptcy Judge.

The matters before the court are the motions of Special Markets Media, Inc. ("Special Markets"), for abstention and dismissal under 11 U.S.C. § 305, and for a lifting of the automatic stay, and the motion of the debtor, Nexus Communications, Inc. ("Nexus"), to assume a lease. A hearing to consider these motions was held on November 25, 1985, in Raleigh, North Carolina.

## FACTS

Nexus Communications, Inc., is a chapter 11 debtor in possession having filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on September 6, 1985. Nexus owns and operates a radio station, WSES–AM, in Raleigh, North Carolina, which it purchased from a bankruptcy estate. As part of the purchase, Nexus became the assignee of a lease of a radio studio and transmission tower owned by Special Markets. In addition to being Nexus's landlord, Special Markets owns radio station WLLE–AM, which is WSES–AM's primary competitor.

Special Markets contends that it terminated the lease in May of 1985, when Nexus failed to pay its monthly rent. The debtor contends that the lease has not been properly terminated, and that because Special Markets failed to make required repairs to the tower, the debtor may offset its costs of repair against rent due. Nexus

maintains that the rent is not delinquent, and the lease is not in default.

The parties' dispute was brought to Small Claims Court in Wake County, North Carolina, where Special Markets brought an eviction action. After a two-day trial, the magistrate held that the lease had been properly terminated, and an Order of Summary Ejectment was entered. Nexus filed Notice of Appeal to state District Court, and a trial *de novo* was scheduled. The debtor's chapter 11 petition was filed on the eve of the trial.

The debtor's petition lists taxes due of $6,200, two unsecured debts totalling $2,800, and a disputed secured debt to Special Markets of $5,700. The debtor's assets consist of cash—$1,000, utility deposits—$1,290, and furniture and equipment—$65,000.

## JURISDICTION AND AUTHORITY OF BANKRUPTCY COURT

No party has questioned the court's jurisdiction and there has been no challenge to the bankruptcy court's authority to hear and determine these motions. Nevertheless, a brief discussion of the bankruptcy court's authority is appropriate.

This court has jurisdiction over the parties and subject matter of this proceeding pursuant to 28 U.S.C. §§ 1334, 151, and 157, and the General Order of Reference entered by the United States District Court for the Eastern District of North Carolina on August 3, 1984.

■ The motion for abstention and dismissal of the entire case pursuant to 11 U.S.C. § 305 would appear to be a matter "concerning the administration of the estate," and thus, a "core" proceeding under 28 U.S.C. § 157(b)(2)(A). Nothing could be closer to the "core" of a bankruptcy case than a request under 11 U.S.C. § 305 to extinguish the case in its entirety. What causes some concern, however, is 11 U.S.C. § 305(c) which says that a decision to dismiss or not to dismiss under 11 U.S.C. § 305(a) is not reviewable by appeal or otherwise. If the decision of the bankrupt-

cy court is not reviewable, does this not eliminate the district court's control, and thereby undermine the constitutional basis of the bankruptcy court's authority?

An argument can certainly be made that in view of the changes made by the Bankruptcy Amendments and Federal Judgeship Act of 1984, the order which 11 U.S.C. § 305(c) makes unappealable is an order entered by the district court. If that is so, the bankruptcy court's order to abstain may be appealed to the district court. See *Farmer v. First Virginia Bank of Fairfax County, Va.,* 22 B.R. 488 (D.C.E.D.VA 1982). On the other hand, 11 U.S.C. § 305 does not specify that the order is nonappealable only if it is an order signed by a district court judge. The language of 11 U.S.C. § 305(c) is clear, there shall be no review by appeal or otherwise. See *In re Currency Exchange, Inc.,* 762 F.2d 542 (7th Cir.1985).

When a case is referred to the bankruptcy court, the bankruptcy judge, as a unit of the district court, exercises the authority of the district court subject to the limitations found in chapter 6 of title 28 of the United States Code. 28 U.S.C. § 151. There is no limitation in chapter 6 of title 28 to the bankruptcy judge's power to enter final orders concerning motions to abstain under 11 U.S.C. § 305. Accordingly, the court concludes that the motion to abstain pursuant to 11 U.S.C. § 305 is a core proceeding which this court may hear and determine. (28 U.S.C. §§ 157(b)(2)(A) and 157(b)(1)).

■ The debtor's motion to assume the lease is also a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). *In re Turbowind, Inc.,* 42 B.R. 579 (Bankr.S.D.CA 1984). So too, is the determination of whether the lease has been terminated. *Matter of Republic Oil Corporation,* 51 B.R. 355, 13 BCD 521 (Bankr.W.D.WI 1985). Litigation over whether the debtor breached the lease and whether the lease was terminated is similar to the breach of contract action which the Supreme Court, in *Northern Pipeline Construction Co. v. Marathon Pipe Line Company,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), said could not

be heard and determined by a non-Article III court. The present dispute, however, arises in the context of a motion to assume the lease and its resolution is an essential component of the bankruptcy court's determination of that motion. The dispute arises under the Bankruptcy Code (11 U.S.C. § 365) in a case under the Bankruptcy Code. If the lease is in default, the default must be cured or adequate assurance given that there will be a prompt cure as a condition of assumption (11 U.S.C. § 365(b)(1)). If the lease has been terminated prior to bankruptcy, there can be no assumption. 11 U.S.C. § 365(c)(3) prohibits assumption of a lease of nonresidential real property which was terminated prior to bankruptcy. See *Matter of Mimi's of Atlanta, Inc.*, 5 B.R. 623 (Bankr.N.D.GA 1980); and *In re Acorn Investments*, 8 B.R. 506 (Bankr.S.D.CA 1981).

Whether the lease was in default, and whether the lease was terminated depends entirely upon State law. But, "(a) determination that a proceeding is not a core proceeding shall not be made solely on the basis that its resolution may be affected by State law." 28 U.S.C. § 157(b)(3). The determination of the dispute concerning the status of a lease is a necessary part of the bankruptcy court's determination of the motion to assume the lease, and thus, it is an integral part of the administration of the case. As such, it is part of a core proceeding. See the Case Study in *Broken Bench Review*, Vol. 4 No. 7 (September, 1985) at 49, in which the core-noncore controversy is described as "The Battle Between The Forces of 'Nexus' And The Forces Of 'Purity' On A Darkling Plain."

Finally, the motion to lift the automatic stay is a core proceeding under 28 U.S.C. § 157(b)(2)(G).

## DISCUSSION AND CONCLUSIONS

■ Special Markets argues that abstention under 11 U.S.C. § 305 is justified because the fortunes of the debtor turn entirely upon whether the lease was terminated prior to bankruptcy. Special Markets contends that this controversy should be heard in state court. If the lease was terminated prior to the debtor's petition, it may not be assumed by the debtor. If, on the other hand, the lease was not properly terminated, the debtor may be able to assume the lease and cure any defaults pursuant to 11 U.S.C. § 365(a) and (b). But, even if the debtor is ultimately evicted, it will still require chapter 11 protection to preserve its assets while it seeks another location. Special Markets has not shown that the chapter 11 petition was filed in bad faith, that reorganization is not necessary, or that reorganization is not in the debtor's best interest. The court is not persuaded that abstention under 11 U.S.C. § 305 is appropriate in this case, and the motion to abstain will be denied.

■ Special Markets' motion to lift the automatic stay to permit the parties to litigate the lease dispute in state court will also be denied.

11 U.S.C. § 362(b)(9)[10] provides that the automatic stay of § 362(a) does stay

any act by a lessor to the debtor under a lease of nonresidential real property that has terminated by the *expiration of the stated term of the lease* before commencement of or during a case under this title to obtain possession of such property (emphasis added).

The lease at issue is a nonresidential lease of real property, but Special Markets does not contend that the lease was terminated by the "expiration" of its "stated term." If there was a termination of the lease, it did not happen automatically—it was the result of the affirmative act by Special Markets in terminating for failure to make rent payments.

The motion to lift the stay is in essence a request that the court voluntarily abstain from determining the litigation concerning the lease. True, the dispute will be resolved by applying State law, but the State law on this point is neither complicated nor unsettled. A determination was made by a magistrate in Small Claims Court that the lease was terminated, but that determination is not final, and eviction is stayed

pending a final determination if the monthly rent is paid in the interim. N.C.GEN. STAT. § 42–34(b) (1984). This proceeding is not one in which abstention is warranted, and Special Markets' interests will be adequately protected if the debtor continues to pay the monthly rent pending a determination of the status of the lease.

The controversy surrounding the lease will be heard and determined by the bankruptcy court as a contested matter to assume a lease under Bankruptcy Rules 6006 and 9014. Accordingly,

IT IS HEREBY ORDERED that the motions of Special Markets Media, Inc. for abstention and dismissal under 11 U.S.C. § 305(a) and to lift the automatic stay of 11 U.S.C. § 362(a) are DENIED; and

IT IS FURTHER ORDERED that the Clerk's Office shall reschedule the hearing to consider the debtor's motion to assume the lease.