**In re NEW YORK DELI, LTD., Debtor(s).**

**Bankruptcy No. 83–00422.**

United States Bankruptcy Court, D. Hawaii.

May 29, 1987.

See also, Bkrtcy., 41 B.R. 198.

Edward Kemper, Don Gelber, Honolulu, Hawaii, for plaintiff.

John Bliss, Honolulu, Hawaii, for defendant.

ORDER RE: ATTORNEY'S FEES INCURRED BY DEBTOR WITH REFERENCE TO THE MOTION TO CONDITIONALLY ASSUME LEASE

JON J. CHINEN, Bankruptcy Judge.

On March 18, 1987, debtor filed a Motion for Attorney's Fees and for Reformation of Lease. A hearing was held on the portion of the motion seeking attorney's fees on March 31, 1987, at which time, the court took the matter under advisement.

Special counsel for the debtor, Edward Kemper, seeks fees of $20,269.30 and costs of $3,573.38. General counsel for the debtor, Gelber & Gelber, seek attorney's fees of $1,095.90 including tax for services rendered in connection with the Motion to Conditionally Assume Lease.

Michael D. and Lynn Brusers ("Lessor") oppose debtor's motion, arguing the following:

A. The terms of the lease do not entitle the debtor to recover attorney's fees against the Lessor;

B. Section 607–17 of the Hawaii Revised Statutes does not provide a basis for the debtor to recover attorney's fees against the Lessor;

C. The Bankruptcy Code does not provide a basis for the debtor to recover attorney's fees against the Lessor;

D. The Stipulated Order, agreed to by the debtor and ordered by this court, does not provide a basis for the debtor to seek attorney's fees against the Lessor.

E. The debtor should not recover fees attributable to that portion of the litigation on which the debtor did not prevail.

F. The amount of attorney's fees recoverable by the debtor may not exceed $15,413.16.

The Lessor opposes the claim of general counsel for the same reasons, and for the additional following reasons:

A. The attorney's fees of the successor general counsel cannot be recovered by means of an affidavit supporting the debtor's motion for attorney's fees.

B. The lease, the findings, and state and federal law regarding awards of attorney's fees, do not provide a basis for the successor general counsel to recover its attorney's fees against the Lessor.

The Court, being advised in the premises, now renders this memorandum decision and order.

I. *Allowability of Attorney's Fees*

Article 40 of the lease, entitled "Attorney's Fees", states as follows:

Should either party hereto *institute any action or proceeding* in court to *enforce any provision hereof or for damages or other relief by reason of an alleged breach of any provision hereof,* the prevailing party shall be entitled to receive from the losing party, in addition to allowable court costs, such amount as the court may adjudge to be *reasonable as attorney's fees for the services rendered* the prevailing party in such *action or proceeding,* and such amount may be made a part of the judgment against the losing party. (emphasis added).

It is clear that, under Article 40 of the lease, a "prevailing party" is entitled to an award of attorney's fees.

On January 24, 1986, a Stipulated Order Re Assumption or Rejection of Lease entered into by the debtor and the Lessor was filed. The terms of the stipulated order required the debtor to elect whether to assume or reject the sublease by January 14, 1986 and to move to assume or reject before January 15, 1986. The stipulated order further provides that, in the event the debtor moves to assume the sublease, a hearing would be held to determine:

i. Whether there has been a default by the Debtor under the sublease;

ii. If so, what action by the Debtor is required to cure or provide adequate assurance that Debtor will promptly cure such default and compensate, or provide adequate assurance that the Debtor will promptly compensate,

the lessor for any actual pecuniary loss to the lessor resulting from such default and to provide adequate assurance of future performance under the sublease;

iii.	Whether there has been a default by the lessor under the sublease; and

iv.	If so, to what extent, if any, the action by the Debtor required to cure defaults, compensate for pecuniary loss and provide adequate assurance of future performance under the Sublease, should be mitigated or reduced.

Lessor claims that the debtor is not a "prevailing party" because it did not "institute an action or proceeding" by filing its "motion" to conditionally assume lease, that claiming a "motion" is not an "action". *See e.g. Cox v. Dixie Power Co.*, 81 Utah 94, 16 P.2d 916 (1932); *Lohman v. Lohman*, 29 Cal.2d 144, 173 P.2d 657, 661 (1946);

"[A] motion is not an action, the latter being an independent remedy, while the former relates to some incidental questions collateral to the main object of the principal cause."

*Cox v. Dixie Power Co.*, 81 Utah 94, 16 P.2d 916, 921 (1932).

Although denominated a "motion" by the debtor, it is clear that the parties treated the matter as an "action".

An action is generally defined as a judicial proceeding, in law or in equity, to determine the rights and liabilities of the parties. *See, e.g. Proctor v. Gissendaner*, 579 F.2d 876 (5th Cir.1978). Black's Law Dictionary, 26 (5th Ed. 1979) defines "action" in part as

The legal and formal demand of one's right from another person or party made and insisted on in a court of justice. An ordinary proceeding in a court of justice by which one party prosecutes another for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense. It includes all the formal proceedings in a court of justice attendant upon the demand of a right made by one person of another in such court, includ-

ing an adjudication upon the right and its enforcement or denial by the court.

■ It is clear that both debtor and the Lessor treated the matter as an action. On January 31, 1986, debtor filed a pre-hearing statement providing the names of witnesses to be called and documents to be introduced into evidence; likewise on February 7, 1986, the Lessor filed a pre-hearing statement. In addition, the Lessor conducted extensive discovery as indicated by the numerous subpoena duces tecum and request for production of documents filed in this matter.

Having treated the "Motion to Conditionally Assume Lease" as an action, the Lessor is now estopped from claiming that the denomination "motion" prevails over the substance. It should be noted that debtor should have instituted an adversary action; however, the Lessor did not object to the failure to file an adversary complaint and thus is deemed to have consented to hearing the matter by way of motion. *See e.g. Lewis v. Wilson*, 151 U.S. 551, 14 S.Ct. 419, 38 L.Ed. 267 (1894); *Gill v. United States*, 160 U.S. 426, 16 S.Ct. 322, 40 L.Ed. 480 (1895); *Divide Canal & Reservoir Co. v. Fenney*, 57 Colo. 14, 139 P. 1110 (1914); *In re Spats Restaurant & Saloon*, 64 B.R. 442 (Bankr.Nev.1986).

The Court thus concludes that the debtor is entitled to an award of attorney fees as the prevailing party in an action for damages. Since the Court finds that debtor is entitled to attorney fees under the terms of the Lease, it need not, and does not decide whether an award of attorney fees under any other theories would have been permissible.

II.	*Amount of Attorney's Fees*

■ Section 607–17 of the Hawaii Revised Statutes ("HRS") limits the amounts of, proceedings under which, and the judicial forums in which, attorney's fees can be awarded under state law. Section 607–17 provides in pertinent part:

Any other law to the contrary notwithstanding, where an action is instituted in the district or circuit court on a promisso-

ry note or other contract in writing which provides for an attorney's fees, the following rate shall prevail and shall be awarded to the successful party, whether plaintiff or defendant:

(1) Where the note or other contract in writing provides for a fee of twenty-five percent or more, or provides for a reasonable attorney's fee, not more than twenty-five percent shall be allowed;

... provided that the fee allowed in any of the above cases shall not exceed that which is deemed reasonable by the court.

In this case, judgment was in favor of debtor in the amount of $61,652.66. The maximum amount of attorney fees pursuant to HRS 607-17 is 25% of $61,652.66, or $15,413.17.

Debtor claims that the amount of attorney fees should be based on the total amount of debtor's claim, unreduced by the Lessor's offset of $86,333.34.

In *Hawaiian Trust Co. Ltd. v. Cowan*, 4 H.App. 166, 663 P.2d 634 (1983), the Court stated:

HRS 607-17 places a ceiling on the award of attorney's fees of twenty-five per cent of the *judgment amount*, exclusive of costs and attorney's fees, or the amount claimed plus interest, but not to exceed what is deemed reasonable by the court. *See Keller v. La Rissa, Inc.*, 60 Haw. 1, 586 P.2d 1017 (1978); *Lennen & Newell v. Clark Enterprises*, 51 Haw. 233, 456 P.2d 231 (1969); ....

Citing *Food Pantry v. Waikiki Business Plaza, Inc.*, 58 Haw. 606, 575 P.2d 869 (1978), HTCL claims that the ceiling of twenty-five per cent is not applicable in this case. In *Food Pantry*, the court concluded "that HRS § 607-17 does not limit the recovery to which the lessor may otherwise be entitled under the lease to twenty-five per cent of the nominal damages which ... should have been awarded for the lessee's breach of its covenant." 58 Haw. at 621, 575 P.2d at 880. *See also Loyalty Development Co., Ltd. v. Wholesale Motors, Inc.*, 61 Haw. 483, 605 P.2d 925 (1980).

We do not find *Food Pantry* to be applicable in this case. In *Smothers v. Renander*, 2 Haw.App. 400, 407, 633 P.2d 556, 562 (1981), we held that *where a party seeks and obtains "an adjudication of rights and a monetary judgment,"* Food Pantry *is not applicable but the twenty-five per cent limit of HRS § 607-17 applies*. Here, HTCL sought to adjudicate its rights under the new lease and obtain summary possession and a money judgment, and the judgment amount exceeding $5,000 is not nominal. Clearly, *Smothers v. Renander, supra*, is applicable. (emphasis added).

*Id.* at 172–173.

The Court thus concludes the attorney's fees is limited to $15,413.17, or 25% of the judgment amount.

III. *Jurisdiction of the Court*

The Lessors argue for the first time in opposing the award of attorney's fees to debtor's counsel that this entire matter is a non-core proceeding and pursuant to 28 U.S.C. § 157(c)(1), this Court is required to submit proposed findings to the district court for review.

28 U.S.C. § 157(c) provides:

(c)(1) A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11. In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.

(2) Notwithstanding the provisions of paragraph (1) of this subsection, the district court, with *the consent of all the parties to the proceeding, may refer a proceeding related to a case under title 11 to a bankruptcy judge to hear and determine and to enter appropriate orders and judgments, subject to review*

*under section 158 of this title.* (emphasis added).

28 U.S.C. § 157(b)(3) states:

(3) The *bankruptcy judge shall determine, on the judge's own motion or on timely motion of a party, whether a proceeding is a core proceeding under this subsection or is a proceeding that is otherwise related to a case under title 11.* A determination that a proceeding is not a core proceeding shall not be made solely on the basis that its resolution may be affected by State law. (emphasis added).

■ Thus, the bankruptcy court, like all federal courts, have the power to determine and enter dispositive orders on the extent of its jurisdiction. *See e.g. Central National Bank v. Kwak,* 49 B.R. 337 (D.C. N.D.Ohio 1985).

■ The Lessor, however, has never requested this Court to rule on the whether this matter is a core or non-core proceeding. It is clear that motions to assume or reject leases and executory contracts are "matters concerning the administration of the estate" pursuant to 28 U.S.C. § 157(b)(2)(A) and thus a core proceeding. *See e.g. Matter of Republic Oil Corp.,* 51 B.R. 355 (Bankr.W.D.Wisc.1985); *In re Turbowind Inc.,* 42 B.R. 579 (Bankr.S.D. Ca.1984). This is true even where state law claims are involved in the motion to assume or reject. *See e.g. In re L.T. Ruth Coal Co. Inc.,* 66 B.R. 753 (Bankr.E.D.Ky. 1986); *In re Nexus Communications, Inc.,* 55 B.R. 596 (Bankr.E.D.N.C.1985). In *Harley Hotels, Inc. v. Rain's International, Ltd.,* 57 B.R. 773, 780 (E.D.Pa.1985), the court stated:

In so analyzing the cases before them, courts have articulated in various ways their conclusion that a proceeding is 'core'. These include that the claim in question is "so logically connected" to an issue in the bankruptcy case "that judicial economy and fairness dictate they be decided in the same forum." *In re Lombard-Wall, Inc.,* 48 B.R. 986, 991 (S.D.N. Y.1985).... If the claim is "intimately connected with the property of the estate", then it may be a core proceeding

despite the fact that it resolution would require an adjudication based on state law. *Macon Prestressed Concrete Co. v. Duke,* 46 B.R. 727, 729–30 (M.D.Ga.1985). *See also* § 175(b)(3) ("the determination that the proceeding is not a core proceeding shall not be made solely on the basis that its resolution may be affected by state law"). In general, if there is a sufficient "nexus between the proceeding involving a state law cause of action and the bankruptcy estate", then the proceeding may be considered 'core'. *In re Lion Capital Group,* 46 B.R. 850, 856 (B.Ct.S. D.N.Y.1985). "That Congress has redrawn the bankruptcy courts as adjunct courts subject to considerable control by Article III courts ... speaks strongly in favor of a broad definition of core proceedings". *Lion Capital,* 46 B.R. at 859.

In the case at bar, there is a substantial nexus between the proceeding involving a state law cause of action and the bankruptcy estate. Indeed, the question of the validity of the lease which underlies the Motion to Assume Executory Contract is a pivotal issue in the debtor's reorganization. The debtor states that the lease constitutes "by far the major asset" of the debtor corporation....

Even if this Court were to conclude that the matter is a non-core proceeding, the parties have consented to the jurisdiction of this Court to enter final orders. The Stipulated Order re: Assumption or Rejection of Lease (an order prepared by the attorneys for the Lessor) states in relevant part:

4. The hearing on the Motion will be held ... *at which time the Bankruptcy Court will determine,* if the Debtor has elected to assume the Sublease, (i) *whether there has been a default by the Debtor under the Sublease; (ii) if so, what action by the Debtor is required to cure or provide adequate assurance that the Debtor will promptly cure such default and compensate, or provide adequate assurance that the Debtor will promptly compensate,* the Lessor for any actual pecuniary loss to the Lessor resulting from such default and to provide adequate assurance of future performance

under the Sublease; (iii) *whether there has been a default by the Lessor under the Sublease; and (iv) if so, to what extent, if any, the action by the Debtor required to cure defaults, compensate for pecuniary loss and provide adequate assurance of future performance under the Sublease, should be mitigated or reduced.*

5. If the Debtor has elected to assume the Sublease, the Debtor and the Lessor will each perform and file with the Bankruptcy Court and concurrently serve upon each other ... a pre-hearing statement addressing each one of the issues *to be determined at the hearing* on the Motion and disclosing the evidence to be offered at such hearing, he name and address of each witness to be called and the substance of the testimony of such witness, the identity and location of each document or other items of tangible evidence to be offered at such hearing and a statement of the legal and factual issues presented by the Motion. Such pre-hearing statements shall be promptly supplemnted as necessary. (emphasis added).

It is clear that the Lessor consented expressly for this Court to enter final dispositive orders in this matter, subject only to the right of appeal.

Finally, even if there was no express consent, the Lessor is deemed to have waived the lack of jurisdiction by this Court, if any, to enter a dispositive order by failing to object in a timely manner. *See e.g. Rainey v. International Harvester Credit Corporation,* 59 B.R. 987 (N.D.Ill.1986); *In re Energy Savings Center, Inc.,* 54 B.R. 100 (Bankr.E.D.Pa.1985).

## IV. *Abstention*

■ The Lessor also argues that abstention is proper under the circumstances. 28 U.S.C. § 1334(c)(1), provides:

Nothing in this section prevents a district court in the interests of justice, or in the interests of comity with State courts or respect to State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

In *Harley Hotels, Inc. v. Rain's International, Ltd.,* 57 B.R. 773, 781 (E.D.Pa. 1985), the court stated:

It is now a settled rule that bankruptcy abstention ... is *required only if resolution of the state law question will involve the bankruptcy court in matters of substantial public import ... and only if there exists no state court precedent that either answers the precise question presented or enables the bankruptcy court to predict with reasonable certainty the conclusion that the state courts will reach* where ultimately presented with the question. *In re Kaleidoscope, Inc.,* 25 B.R. 729, 742 (N.D. Ga.1982) (citations omitted); *see also In re Republic Oil Corp.,* 51 B.R. 355 (Bankr.W.D.Wisc.1985) ...

In the present case, the Court relied on *Lemle v. Breeden,* 51 Haw. 426, 462 P.2d 470 (1969), ("Lemle") in which the Hawaii Supreme Court held that the doctrine of implied warranty of habitability applies to residential real property leases. This Court stated previously in the Findings of Fact, Conclusions of Law and Order filed February 24, 1987 that "there is no reason to believe that the Hawaii Supreme Court would adopt a different view because the lease in question here is a commercial lease." (Findings at 29.) Although, the Hawaii Supreme Court has not yet ruled on the issue of whether the doctrine of implied warranty of habitability applies to commercial property, *Lemle* cited with approval *Reste Realty Corporation v. Cooper,* 53 N.J. 444, 251 A.2d 268 (1969), which involved a commercial lease. The Court concludes that this area of the law is not so unsettled that abstention is warranted.

IT IS HEREBY ORDERED that attorney's fees of $15,413.17 and $3,573.38 in costs shall be taxed against the Lessor in connection with the Motion to Conditionally Assume Lease.

A Judgment conforming to the above will be issued by this Court forthwith.